IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **BILLY G. ASEMANI,** | * |
| Petitioner | * |
| v. | *    Civ. No. DLB-22-2620 |
| **DIRECTOR, OFFICE OF DETENTION & REMOVAL, DEPARTMENT OF HOMELAND SECURITY, IMMIGRATION & CUSTOMS ENFORCEMENT** | * * |
| | * |
| Respondent | * |
| | * |

## MEMORANDUM OPINION

Billy G. Asemani filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the validity of an Immigration and Customs Enforcement ("ICE") detainer that the U.S. government lodged with the Maryland Division of Correction ("DOC") where Asemani is currently in custody.[1] The government filed an answer that seeks dismissal of the petition for lack of jurisdiction and/or failure to state a claim. ECF 8. Asemani opposes dismissal. ECF 11. The government filed a reply. ECF 14. Asemani filed a surreply, ECF 22, which the Court accepted as filed, ECF 31. Asemani also filed a "Motion Pursuant to Federal Rules of Civil Procedure 15(d)." ECF 32. The issues before the Court have been fully briefed, and a hearing is not necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the following reasons, the petition is dismissed without prejudice.

---

[1] Asemani names the Director of the "Office of Detention and Removal" as the respondent. The respondent refers to himself as the "Director of INS" (Immigration and Naturalization Services). The Homeland Security Act, Pub. L. No. 107–296, 116 Stat. 2135, abolished INS in 2002; now, the Department of Homeland Security ("DHS"), which includes ICE, handles most of the immigration functions that INS handled. *See Flores v. Lynch*, 828 F.3d 898, 904 (9th Cir. 2016). In June 2010, ICE renamed the Office of Detention and Removal Operations "Enforcement and Removal Operations." *See* Honoring the History of ICE, *https://www.ice.gov/features/history*. For simplicity, the Court refers to the respondent as "the government."

I.      **Background**

Asemani is a citizen of Iran who, in October of 1999, was indicted for practicing dentistry without a license. *See Asemani v. Att'y Gen.*, 140 F. App'x 368, 370 (3d Cir. 2005). Asemani entered a guilty plea and was sentenced to 30 months of incarceration. *Id*. In September of 2001, while Asemani was in federal custody serving the 30-month sentence, ICE began removal proceedings against him on the grounds that he had committed a crime against moral turpitude within five years of his arrival in this country. *Id*.

Asemani asserts that on June 1, 2004, when he had been in immigration custody for almost one year, he was ordered removed from the United States to Iran. ECF 1, at 1. On November 4, 2004, Asemani was released from detention pursuant to *Zavydas v. Davis*, 533 U.S. 678 (2001). This was, according to Asemani, because he could not be removed to Iran. *Id*. Asemani states that, on October 19, 2005, the United States Court of Appeals for the Circuit of the District of Columbia issued an order that stated in pertinent part that his "removal is currently stayed, and he has not established that he will face imminent removal if and when that stay is lifted." ECF 1, at 1 (citing *In re Asemani*, 2005 U.S. App. LEXIS 22698 (3d Cir. Oct. 19, 2005)). Asemani filed a FOIA request with the Department of Justice, obtained and reviewed "thousands of pages of responsive documents," and has found "no indication that said 'stay' has ever been lifted." *Id*.

In 2006, the Circuit Court for Howard County, Maryland sentenced Asemani to 30 years of incarceration for the attempted murder of his wife. *See Asemani v. Sec'y of Homeland Security*, 2022 WL 160217, at *1 (D.D.C. Jan. 13, 2022). He is currently serving that sentence at Roxbury Correctional Institution in Maryland.

On September 27, 2007, the ICE Detention and Removal Office lodged a detainer against Asemani so that the June 1, 2004 removal order could be executed. ECF 1, at 1. In Asemani's view,

the detainer violates the D.C. Circuit Court's stay order and is "both illegal and invalid." *Id*. at 1–2.[2]

Asemani insists that he is not contesting the 2004 removal order and does not ask this Court to review that order. He asserts that the claim he is raising does "not conflict with 8 U.S.C. § 1252 jurisdiction-stripping provisions," *id*., which limit judicial review of orders of removal.

Despite Asemani's assurances otherwise, the government contends that the pending petition is Asemani's attempt to revisit the propriety of the order of removal. ECF 8, at 5. The government moves to dismiss under Rule 12(b)(1), arguing that this Court does not have jurisdiction to consider Aemani's claim regarding the propriety of the order of removal. The government also argues for dismissal under Rule 12(b)(6) on the grounds that Asemani has not raised a federal claim entitling him to habeas relief and he is not "in custody" under the conviction or sentence under attack at the time his petition was filed. *Id*. at 6 (citing *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989)).

## II.     Standard of Review

The Federal Rules of Civil Procedure apply to habeas corpus proceedings as long as they are not inconsistent with statutes or the Rules Governing Section 2254 Cases. Rule 12, *Rules Governing § 2254 Cases in the U.S. Dist. Cts*.; *see also* Rule 1(b), *Rules Governing § 2254 Cases*

---

[2] Asemani states the detainer was lodged September 27, 2017. ECF 1, at 1. The Court takes judicial notice of the detainer, which Asemani filed as an exhibit in another case in this Court. *See* ECF 1-1, at 2 in *Asemani v. Dep't of Homeland Sec., Immigr. & Customs Enf't*, Civ. No. RDB-16-4065 (D. Md. Dec. 22, 2016). It was lodged on September 27, 2007. *Id.* The detainer, which stated it was "for notification purposes only," advised the DOC that "[i]nvestigation has been initiated to determine whether this person is subject to removal from the United States" and asked the DOC to notify ICE "of the time of release at least 30 days prior to the release or as far in advance as possible." *Id.*

*in the U.S. Dist. Cts.* (section 2254 Rules apply to habeas corpus petitions filed under provisions other than § 2254).

"A motion to dismiss based on lack of subject matter jurisdiction pursuant to Rule 12(b)(1) raises the question of whether the Court has the competence or authority to hear the case." *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). "Federal courts are courts of limited jurisdiction[,]" possessing "only that power authorized by Constitution and statute." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010) (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). The petitioner, as the party asserting jurisdiction, bears the burden of establishing it. *Id.*

A party may challenge subject-matter jurisdiction in two ways: a facial challenge, asserting that the complaint or petition fails to allege facts upon which jurisdiction can be based, or a factual challenge, asserting "that the jurisdictional allegations of the complaint [are] not true." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). On a factual challenge, if the contested "jurisdictional facts are intertwined with the facts central to the merits of the dispute," a court "should ordinarily assume jurisdiction and proceed to the intertwined merits issue." *Kerns*, 585 F.3d at 193. But where, as here, the jurisdictional facts are not intertwined with facts central to the merits, the court "may then go beyond the allegations of the complaint [or petition] and resolve the jurisdictional facts in dispute by considering evidence outside the pleadings, such as affidavits," without converting the motion into one for summary judgment. *United States ex rel. Vuyyuru*, 555 F.3d at 348 (citing *Adams*, 697 F.2d at 1219)); *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004) (on a factual challenge to subject matter jurisdiction, the court "may regard the pleadings as mere evidence on

4

the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment").

"[P]ro se filings are 'h[e]ld to less stringent standards than formal pleadings drafted by lawyers.'" *Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Accordingly, the Court must construe pro se pleadings liberally. *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 1376 (2021). But "liberal construction does not require [the Court] to attempt to 'discern the unexpressed intent of the [filer]'"; the Court need only "determine the actual meaning of the words used in the [filing]." *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (en banc)).

Under Rule 12(b)(6), a party may seek dismissal for failure "to state a claim upon which relief can be granted." *Robertson v. Anderson Mill Elementary Sch.*, 989 F.3d 282, 290 (4th Cir. 2021) (quoting Fed. R. Civ. P. 12(b)(6)). To survive the challenge, the opposing party must have pleaded facts demonstrating it has a plausible right to relief from the Court. *Lokhova v. Halper*, 995 F.3d 134, 141 (4th Cir. 2021) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A plausible claim is more than merely conceivable or speculative. *See Holloway v. Maryland*, 32 F.4th 293, 299 (4th Cir. 2022). The allegations must show there is "more than a sheer possibility that the defendant has acted unlawfully." *Int'l Refugee Assistance Project v. Trump*, 961 F.3d 635, 648 (4th Cir. 2020) (quoting *Iqbal*, 556 U.S. at 678). But the claim does not need to be probable, and the pleader need not show "that alternative explanations are less likely" than their theory. *Jesus Christ is the Answer Ministries, Inc. v. Baltimore County*, 915 F.3d 256, 263 (4th Cir. 2019) (quoting *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015)). When ruling on a Rule

5

12(b)(6) motion, the Court must accept the allegations as true and draw all reasonable inferences in favor of the pleader. *Williams v. Kincaid*, 45 F.4th 759, 765, 777 (4th Cir. 2022).

### III.   Discussion

Federal district courts have "jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2241(c)(3)) (emphasis added in *Maleng*). A § 2241 petition should name as respondent "the person who has custody over [the prisoner]." *United States v. Poole*, 531 F.3d 263, 270 (4th Cir. 2008) (quoting 28 U.S.C. § 2242). Thus, "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." *Id.* at 273 (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004)).

Here, Asemani's warden is the warden of Roxbury Correctional Institution, and he is confined in this district. But, he does not name the warden as the respondent, and he does not challenge his present physical confinement. Rather, he challenges a 2007 ICE detainer lodged with the DOC, and he names the director of the office that lodged the detainer as the respondent.

The District of Maryland previously dismissed for lack of jurisdiction two habeas petitions by Asemani challenging this detainer. *See Asemani v. Dep't of Homeland Sec., Immigr. & Customs Enf't*, Civ. No. RDB-16-4065, 2017 WL 1233803 (D. Md. Apr. 3, 2017); *Asemani v. U.S. Bureau of Immigr. & Customs Enf't*, No. RDB-10-1875, 2010 WL 11602753 (D. Md. Aug. 9, 2010). In 2010, the court reasoned that "[a]n alien who is confined pursuant to a criminal conviction, and who is subject to an immigration detainer which seeks notification in advance of release, does not satisfy the custody requirement." *Asemani*, 2010 WL 11602753, at *1. In 2017, the court observed again that Asemani was not in the custody of ICE and that the government did not obtain custody

of Asemani by lodging the detainer with the DOC. *Asemani*, 2017 WL 1233803, at *2.[3] The U.S. District Court for the District of Columbia reached a similar conclusion when Asemani filed a § 2241 petition in that court in 2022. *See Asemani v. Sec'y, Dep't of Homeland Sec.*, Civ. No. 21-3085, 2022 WL 160217 (D.D.C. 2022). The D.C. court dismissed the petition for lack of jurisdiction, observing that Asemani was "not challenging Maryland's authority to detain him, . . . and thus he fails to demonstrate that he is 'in custody' for purposes of § 2241." *Id*. at *1.

The Court does not have jurisdiction to provide habeas relief from ICE's custody because Asemani is not in custody of ICE; he is still in DOC custody. *See Maleng*, 490 U.S. at 490. As the District of Maryland and the District of D.C. have informed Asemani repeatedly, the ICE detainer does not render him "in custody" of ICE. *See Asemani*, 2017 WL 1233803, at *2; *Asemani*, 2022 WL 160217, at *1; *Asemani*, 2010 WL 11602753, at *1; *see also Garcia-Echaverria v. United States*, 376 F.3d 507, 510–11 (6th Cir. 2004) ("While an alien may file a § 2241 petition

---

[3] The court also noted that Asemani's "lengthy litigation history concerning his nationality and immigration status has been exhaustively examined in prior cases in this and other courts." *Asemani*, 2017 WL 1233803, at *1 (citing, *e.g.*, *Asemani v. U.S. Citizenship & Immigr. Servs.*, 797 F.3d 1069 (D.C. Cir. 2015); *Asemani v. Gov't of Islamic Republic of Iran*, 299 F. App'x 291 (4th. Cir. 2008); *In Re Asemani*, 455 F.3d 296 (D.C. Cir. 2006): *Asemani v Att'y Gen.*, 292 Fed. Appx. 248 (4th Cir. 2008); *Asemani v Att'y Gen.*, 140 F. App'x 368 (3rd. Cir. 2005); *Asemani v. Wolfe*, Civ. No. RDB-16-3729, 2016 WL 7031519 (D. Md. Nov. 30, 2016); *Asemani v. Napolitano*, Civ. No. RDB-10-1029, 2010 WL 8813521 (D. Md. May 4, 2010). The court observed:

> Asemani is a frequent pro se litigator in this and other federal and state courts. The United States Supreme Court has restricted Asemani's access to the Court for repeatedly abusing its process. *Asemani v. Chronister*, 561 U.S. 1003 (2010) ("As petitioner has repeatedly abused this Court's process, the Clerk is directed not to accept any further petitions in noncriminal matters from petitioner unless the docketing fee required by Rule 38(a) is paid and petition submitted in compliance with Rule 33.1."). Asemani continues to file suit in the District of Maryland, other federal courts, and in state court. *See e.g.* https://pcl.uscourts.gov/view (listing 102 federal actions filed by Asemani); http://casesearch.courts.state.md.us/ casesearch/inquirySearch.jis (listing 74 Maryland state cases filed by Asemani).

*Id*. at *1 n.2.

challenging his removal proceedings, an alien is not 'in custody' for removal purposes if he is detained pursuant to a sentence for a criminal conviction, even if the INS has filed a detainer order with the prison where the petitioner is incarcerated."); *Zolicoffer v. U.S. Dep't of Just.*, 315 F.3d 538, 541 (5th Cir. 2003) ("This court agrees with the majority of the circuit courts considering this issue and holds that prisoners are not 'in custody' for purposes of 28 U.S.C. § 2241 simply because the INS has lodged a detainer against them." (citing cases from the Eighth, Ninth, Tenth, and Eleventh Circuits). In addition to Asemani's petitions, the District of Maryland and other courts have dismissed other § 2241 petitions against ICE on the basis that an ICE detainer does not render a petitioner "in custody" of ICE for purposes of a habeas petition. *See, e.g.*, *Gayle v. Wilson*, No. SAG-20-1214, 2020 WL 8834797, at *1 (D. Md. June 9, 2020) (denying habeas petition against ICE because petitioner was in custody of the U.S. Marshal's Service, and ICE detainer did not establish custody over him); *Gomez-Rodriguez v. Perdue*, 2014 WL 4782948, at *2 (N.D. W. Va. Sept. 23, 2014) (dismissing habeas petition because "ICE filing a detainer does not place the petitioner in ICE custody for habeas corpus purposes"); *Hernandez-Regules v. Immigr. & Customs Enf't*, 2013 WL 5964569, at *3 (D.S.C. Nov. 7, 2013) (dismissing habeas petition because "the filing of an ICE detainer does not subject a prisoner to INS custody"); *Ogunde v. Holder*, No. 1:13cv484 (JCC), 2013 WL5504417, at *2–3 (E.D. Va. October 1, 2013) (dismissing challenge to immigration detainer where "the only action INS ha[d] taken against him [wa]s the filing of a detainer with state prison officials" because "[t]he prevailing view among courts in the Fourth Circuit is that a plaintiff raising a habeas claim concerning the issue of deportability must be in INS custody" and "courts in this circuit have consistently held that an immigration detainer does not subject a prisoner to INS custody"). The petition is dismissed for lack of jurisdiction. "[A]ny

8

challenge to the validity of [an] ICE detainer, or any attempt to have it rescinded even if it is valid, must be made through other administrative channels." *See Gayle*, 2020 WL 8834797, at *2.

Even if, as the government sees it, Asemani seeks to challenge the 2004 final order of removal through "constitutional claims or questions of law," he cannot do so in this Court. *See* 8 U.S.C. § 1252(a)(2)(d). To challenge the removal order, Asemani must file a "a petition for review . . . with an appropriate court of appeals." *See id.*; *Jordon v. Att'y Gen.*, 424 F.3d 320, 326–27 (3d Cir. 2005) (citing § 1252).

A separate Order follows.

December 10, 2024  
Date

Deborah L. Boardman  
United States District Judge